No. 32,890

W. D. STEVENS, *Appellee,* v. W. G. PFEIFER and MARY PFEIFER, *Appellants.*

(61 P. 2d 907)

Opinion filed November 7, 1936.

*E. B. Morgan,* of Galena, *C. B. Skidmore* and *C. J. Pruyn,* both of Columbus, for the appellants.

*C. E. Rumery,* of Baxter Springs, for the appellee.

The opinion of the court was delivered by

BURCH, C. J.: The action was one to recover wages due and unpaid. Plaintiff recovered, and defendants appeal.

The action originated in a justice of the peace court. The bill of particulars alleged plaintiff was hired on August 3, 1933, to work for defendants, and he worked until May 7, 1934. He was to be paid one dollar per day and was to be furnished room, board and washing. Payment of $63.70 was acknowledged.

Defendants answered that plaintiff came to their hotel and was permitted to stay there and was given some work on W. G. Pfeifer's farm, to be paid for at the rate of one dollar per day for days plaintiff worked, and he had been paid in full. An appeal was taken to the district court from the judgment of the justice of the peace. At the trial in the district court, plaintiff's testimony was in accord with his bill of particulars. He was to be paid one dollar per day straight time. He worked 277 days, and he had been paid $63.70.

The testimony for defendants was, in substance, that they had known plaintiff a long time. In July, 1933, he came to defendants' hotel and said he was broke. He had been robbed. He stayed with defendants, and on August 3, W. G. Pfeifer had a conversation with plaintiff about plaintiff's taking the place of another man who had been working for Pfeifer on the farm. Pfeifer agreed to pay plaintiff one dollar per day for the time he worked. On December 23, Pfeifer told plaintiff Pfeifer could not employ plaintiff any longer, and they settled up. After that, plaintiff just stayed, saying he would help and chore around, doing whatever there was to do. Between December 23 and the time plaintiff left, he was furnished a room, was given his board, and Mrs. Pfeifer did his washing. Pfeifer bought plaintiff a pair of glasses and a pair of overshoes, paid for a battery for plaintiff's car, paid for a license for plaintiff's car, paid for some gasoline for plaintiff's car, and gave plaintiff some money. None of these advancements were for wages.

The jury returned the following verdict:

"We, the jury impaneled and sworn to try the issues herein joined, find in favor of the plaintiff and against defendants, W. G. Pfeifer and Mary Pfeifer, and fix the amount of his recovery herein the sum of $124.32.

"JAKE MADDOX, *Foreman.*

"$112.00 Princ.
    12.32 Int.

—————————

  $124.32"

It is conceded this verdict is as clear as if special findings had been made. Plaintiff was hired on August 3, and worked until December 23, when he was paid in full, and was discharged. He was to be paid one dollar per day straight time. After December 23 plaintiff stayed at the hotel for his board, room and washing, doing whatever there was for him to do, and he received certain benefits which were, in effect, pure gifts.

Defendants contend that under plaintiff's theory of the case, he was entitled to recover what he claimed, or nothing; under defendants' theory of the case, plaintiff was not entitled to recover anything, and the jury disregarded the issues.

It was not essential the jury should find wholly for plaintiff on his theory, or wholly for defendants on their theory. The pleadings agreed plaintiff did work for Pfeifer for some time, at some rate of wages, and had received some pay, and the issue was, whether plaintiff was entitled to judgment for something, and if so, for what sum. In determining these issues the jury believed plaintiff in part and defendants in part. That was within the province of the jury. The verdict was sustained by evidence, and there is nothing this court can do about it.

The district court instructed the jury, in effect, that if it found for plaintiff for a time and at a rate established by the evidence, there should be deducted from the amount the sum of $63.70, which plaintiff admitted he had received. The evidence for defendants which the jury believed, was that only that part of the sum which plaintiff admitted he received, which was paid up to and including December 23, should be regarded as payment of wages. The jury allowed that sum, but did not deduct the remainder from the verdict, because the jury took defendants at their word.

It is contended the instructions of the court are the law of the case, and whether right or wrong, must be accepted and applied by the jury. Generally this is true.

In this instance the instruction was not quite accurate. It should have been that from any sum awarded to plaintiff as wages, there should be deducted sums paid on account of wages. The jury did this, and the court approved the verdict. The result was, the instruction, which did not induce a wrong verdict, became unimportant, and the rule requiring the jury to obey instructions of the court is now of theoretical importance only.

Defendant filed a motion for new trial, based on the ground of newly discovered evidence, and the motion was denied. Diligence in producing the evidence was not well established, the evidence was essentially cumulative, the court did not consider it was likely the evidence, if produced at the trial, would have changed the result, and in any event, it cannot be said the district court abused its discretion in refusing a new trial.

The judgment of the district court is affirmed.